## MARY HUBERT v. PETER HUBERT.

Divorce—Abandonment for One Year—Weight of Evidence.
     Where the weight of the evidence shows an abandonment of the wife by the husband for one year before the commencement of an action for divorce, it is sufficient to entitle the wife to the relief sought.

APPEAL FROM LOUISVILLE CHANCERY COURT.

November 21, 1867.

OPINION OF THE COURT BY JUDGE PETERS:

. The evidence in this case is certainly conflicting and irreconcilable, but taken by the appellant is more consistent, and presents a more rational, and therefore a more credible, history of the domestic troubles which ultimated in a separation of the parties, than does that of the appellee.

There is some apparent difficulty on account of the discrepancy of the testimony as to the time when appellant was abandoned by her husband, but the preponderance of the evidence fixes the time in October, 1865; a witness who lived with appellant states that she and her husband lived together about 8 months, that they were

married the 16th of February, 1865, that he left about the middle of October of the same year; two other witnesses prove that he left in September or October, 1865, and others prove he left some time in the fall of that year. Appellee's brother and his wife prove that he brought his trunk to their house on the 28th of November, 1865, and Mrs. Becker proves it was the 8th of the last named month; he might have separated from his wife a month or more before he took his trunk to his brother's. This action was brought on the 9th of November, 1866. The abandonment, according to the weight of the evidence, had been one year before the commencement of this action by appellant. Which according to the statute on the subject entitles her to a divorce.

The judgment of the chancellor must, therefore, be reversed, and the cause remanded, with directions for the court below to render judgment divorcing appellant from appellee.

*Greene,* for appellant.

*Stirman,* for appellee.